**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4107**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OTIS RICH, a/k/a O,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District
Judge.  (1:08-cr-00411-WDQ-5)

Submitted:  September 24, 2009       Decided:  October 16, 2009

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Sicilia Chinn Englert, LAWLOR & ENGLERT, LLC, Greenbelt,
Maryland, for Appellant.  Rod J. Rosenstein, United States
Attorney, Jason M. Weinstein, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Otis Rich pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006). In accordance with the negotiated term of imprisonment detailed in the plea agreement, see Fed. R. Crim. P. 11(c)(1)(C) (permitting parties to agree to a specific sentence that is binding on the district court upon acceptance of the plea agreement), Rich was sentenced by the district court to 188 months' imprisonment.

Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she asserts there are no meritorious issues for appeal but questions the adequacy of the Fed. R. Crim. P. 11 hearing and the reasonableness of the sentence. Rich was notified of his right to file a pro se supplemental brief, but he has not done so. The Government asserts that the court fully complied with Rule 11 and seeks dismissal of the sentencing issue based on the appeal waiver provision in Rich's plea agreement.

Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Rich knowingly and voluntarily waived his right to appeal his sentence. Further, because the sentencing issue raised by appellate counsel clearly falls within the scope of the waiver, the terms of the agreement

2

will be enforced.  Accordingly, we dismiss the sentencing issue. However, because the appeal waiver pertains only to Rich's sentence, we have reviewed the conviction pursuant to our obligation under <u>Anders</u>.  As we have found no meritorious issues for appeal, we affirm Rich's conviction.

This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>